**Baljit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75002.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jennifer Klemetsrud Puhl, Esq., USFA–Office of the U.S. Attorney, Fargo, ND, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM [**]

Baljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

■ We reject Singh's contention that his due process rights were violated by the IJ's denial of his asylum application for failure to timely file, because he failed to show prejudice. *See Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1058 (9th Cir. 2005). Singh's claim that the IJ misapplied the law in determining his asylum claim was untimely is also denied, because the IJ may require corroborating evidence in the absence of credible testimony. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, we lack jurisdiction to review the IJ's determination that Singh did not meet the one-year deadline and did not qualify for an exception to the deadline for filing his asylum application. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005) (restricting the Court's jurisdiction to constitutional violations and issues of law).

We have jurisdiction over Singh's remaining claims under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003).

■ Substantial evidence supports the IJ's denial of Singh's withholding of removal claim based on an adverse credibility finding. Singh's testimony and documentary evidence that he was hospitalized from April 21, 1996 until April 29, 1996 is undermined by his driver's license, which he testified he personally obtained on April 25, 1996. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (stating that documents submitted by petitioner which contradict petitioner's testimony may form the basis for an adverse credibility finding). Singh's testimony that he was first arrested in 1993 is contradicted by his asylum application statement that he was taken to the police station three times in 1992, and thus also supports the adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Singh's failure to testify regarding the fact that he had been placed on a police "hit list" in 1992 as he alleged in his asylum application also undermines his credibility. *See id.*

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

Singh waived his argument that the BIA erred by declining to consider his brief as untimely because he failed to raise the issue in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (petitioner may not raise issue for first time in reply brief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.